**COURT OF APPEALS
DECISION
DATED AND FILED**

**January 30, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP1358**

**STATE OF WISCONSIN**

Cir. Ct. No. 2015FA238

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE MARRIAGE OF:

STAFFERD DEAN CALL,

    PETITIONER-RESPONDENT,

 V.

LU ANN KAY CALL,

    RESPONDENT-APPELLANT.

        APPEAL from an order of the circuit court for La Crosse County: RAMONA A. GONZALEZ, Judge. *Affirmed*.

        Before Fitzpatrick, P.J., Blanchard and Kloppenburg, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Lu Ann Call appeals an order denying her motion to vacate a divorce judgment entered pursuant to a marital settlement agreement. We affirm.

¶2      Lu Ann Call and Stafferd Call were divorced in 2017.   The circuit court held a hearing at that time at which both parties testified about the marital settlement agreement.   Approximately four months later, Lu Ann moved to vacate the judgment under under WIS. STAT. § 806.07 (2017-18).[1]   The circuit court denied the motion without an evidentiary hearing.

¶3      The parties agree that WIS. STAT. § 806.07 may be used to vacate a divorce judgment that was based on a settlement agreement.   The parties agree that a decision on a motion under this section is discretionary with the circuit court.

¶4      Lu Ann argues that the circuit court's written decision was too sparse to show an adequate exercise of discretion, and therefore we should either remand for an evidentiary hearing or decide the motion independently ourselves, without deference to the circuit court.   This argument fails because Lu Ann focuses only on the court's written decision, which denied reconsideration in one sentence.   However, the court's earlier oral decision on Lu Ann's motion to vacate covered four pages of transcript.   Lu Ann does not cite to any authority that requires the court's exercise of discretion to be in writing, and we are not aware of any.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶5      Lu Ann argues for relief under several subsections of WIS. STAT. § 806.07.  We address them separately.

¶6      Lu Ann argues for relief on the ground of mistake, as provided in WIS. STAT. § 806.07(1)(a).  The one mistake that Lu Ann expressly identifies in her argument is that Stafferd did not file a financial disclosure statement within ninety days of the service of the summons.  However, she does not develop an argument explaining how the absence of that filing qualifies as a mistake for purposes of this statute.  Nor does she develop an argument explaining why the delay in that filing should be a basis to vacate the judgment.  We conclude that this is not a basis to vacate the judgment.

¶7      Lu Ann argues for relief on the ground of newly discovered evidence under WIS. STAT. § 806.07(1)(b), which provides that one reason to vacate a judgment is: "Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3)."  She argues that a medical diagnosis she received after the judgment qualifies as newly discovered evidence.

¶8      This argument appears to be that Lu Ann should be relieved of the negotiated agreement because facts have changed since then in a way that has led her to be dissatisfied with the agreement that was reached.  She does not cite any authority that supports the idea of using this ground for relief in this manner to vacate a marital settlement agreement.  The nature of negotiated settlements is such that both parties reach agreement based in part on their expectations about future conditions that are not knowable at that time.  If those expectations turn out later to be inaccurate, that is not normally a basis to vacate such an agreement, and Lu Ann has not persuaded us that this ground for relief is available in this situation.

¶9    Lu Ann also argues for relief under WIS. STAT. § 806.07(1)(h), which allows relief for "[a]ny other reasons justifying relief from the operation of the judgment." In this argument she combines several strands, including dissatisfaction with her attorney, alleged contradictions in Stafferd's final financial disclosure statement, and the new medical diagnosis. The parties agree that the court should apply the test for extraordinary circumstances that weighs "the competing interests of finality of judgments and relief from unjust judgments," as described in *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 552, 363 N.W.2d 419 (1985).

¶10    In denying the motion, the circuit court emphasized the testimony at the hearing where the court confirmed the marital settlement agreement. The court noted that the parties reaffirmed the financial information that was being provided, and that the parties did not dispute then that the information was adequate. The court recalled that it had no doubt that Lu Ann was at that time making a cost-benefit analysis of proceeding with the agreement. The court stated that this appeared to be a case where the party later regretted the deal she had made, and the court emphasized that finality is important if stipulated divorces are to be meaningful.

¶11    We conclude that even if Lu Ann's factual assertions are true, the circuit court made a reasonable decision in this case. The court appropriately emphasized the importance of finality, and reasonably concluded that Lu Ann's testimony at the original hearing should not be revisited.

¶12    For future reference of counsel, we note that the respondent's brief cites two unpublished cases at page 41 that cannot properly be cited under WIS. STAT. RULE 809.23(3).

*By the Court.*—Order affirmed.

This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.